UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN FRANCISCO VEGA,

Plaintiff,

v. Case No. 2:26-cv-1299-KCD-NPM

BARRY GATTA,

Defendant.
_______________________________/

**ORDER**

Plaintiff Juan Franciso Vega, a civilly committed resident of the Florida Civil Commitment Center (FCCC) acting *pro se*, has filed a "Second Amended Civil Rights Complaint" in this closed civil rights case. (Doc. 22.) Vega has also sent a copy of the Court's order dismissing the case, dated October 15, 2026, upon which Vega has written that he timely presented the Second Amended Complaint to FCCC personnel for filing on September 17, 2026, but they did not file it. (Doc. 22-1.)

He asks the Court to consider his new complaint and requests to "start all over" in a new case. (*Id.*) The Court will consider the pleading. However, the Court will treat it as an amended pleading properly filed in this case, which the Court reopens pursuant to Fed. R. Civ. P. 59(e). The Court also screens the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Doing so, the Court concludes that it, like Vega's prior pleadings, fails to state a claim upon which relief may be granted. As a result, the Court will now dismiss this action with prejudice.

## Background

Vega filed this action under 42 U.S.C. § 1983 in April 2026 against Defendant Barry Gatta, the FCCC Facility Investigator. The following month, Vega filed a First Amended Complaint. (Doc. 3.) Vega claimed that Gatta violated the Constitution, federal and state statutes, and federal and state court rules by confiscating Vega's MP3 player and giving him a disciplinary write up because the player contained electronic copies of court documents belonging to two other FCCC residents, in violation of FCCC rules. (Id.; Doc. 3-1.)

The Court granted Vega leave to proceed *in forma pauperis*. (Doc. 14.) On August 31, 2026, the Court screened the First Amended Complaint and dismissed it for failure to state a claim. (Doc. 18.) However, the Court granted Vega leave to file an amended pleading within 21 days. On October 15, 2026, having received no further amendment, the Court dismissed the action without prejudice. (Doc. 20.) The next day, the Clerk entered a judgment and closed the case. (Doc. 21.)

On October 23, 2026, Vega filed two documents. One is a copy of a Second Amended Complaint. (Doc. 22.) It bears the number of this case and is signed and dated September 15, 2026. At the bottom of its first page is the word "E-FILED," stamped in red. Just below that, handwritten in black ink, is "9-17-26, 7:56 AM," followed by what looks like the initials "LF."

The other document from Vega is a copy of the Court's dismissal order dated October 15, 2026, with Vega's handwriting on it. (Doc. 22-1.) He asserts there that he timely filed his Second Amended Complaint by presenting it to the FCCC Legal Coordinator for filing on September 17, 2026, but FCCC personnel failed to file it. Vega therefore asks to the Court "start all over again" based on the Second Amended Complaint.

## I. Reopening the Case and Consideration of the Second Amended Complaint

Vega asks the Court to treat the Second Amended Complaint as an initial pleading in a new case. As explained below, the Court will consider the pleading as properly filed, but will not open a new case. Rather, the Court will reopen this case and treat the filing as Vega originally styled it, as a Second Amended Complaint.

Rule 59(e) authorizes a motion to alter or amend a judgment, which must be filed within 28 days after the entry of the judgment. A timely Rule 59(e) motion may be used to reopen a dismissed case and allow consideration of an amended complaint. *See MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1250 (11th Cir. 2023). Here, Vega filed his Second Amended Complaint and his accompanying written request that the Court consider it within 28 days after the judgment dismissing the case on October 16, 2026. Accordingly, his filings may be treated as timely seeking relief under Rule 59(e).

Further, the Second Amended Complaint and its predecessor both raise claims against the same defendant, Gatta, based on the same underlying

factual allegations. The stamping and handwritten notations on the Second Amended Complaint support Vega's assertion that he originally delivered it to FCCC officials for filing on September 17, 2026, so it would have been deemed filed as of that date. *See Boatman v. Berreto*, 938 F.3d 1275, 1276–77 (11th Cir. 2019). That would make it a timely amendment given the 21-day leave period authorized by the Court's screening order on August 31, 2026. The Court will therefore reopen this case and treat the Second Amended Complaint as properly filed on September 17, 2026.

**II. Screening the Second Amended Complaint**

Because Vega is proceeding *in forma pauperis*, the Court has a duty to screen his Second Amended Complaint to determine whether it is subject to dismissal, including because it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In that review, the Court employs the same standards applicable to a motion to dismiss under Rule 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

In its prior order, the Court screened and dismissed Vega's First Amended Complaint for failure to state a claim. (Doc. 18.) The Court there rejected Vega's claims alleging that Gatta's write-up and confiscation of his MP3 player for possessing court documents belonging to other FCCC residents violated Vega's rights under (1) the First Amendment, (2) the Fourteenth Amendment, (3) the Freedom of Information Act, (4) Florida's Public Records

Act, (5) Rule 34 of the Federal Rules of Civil Procedure and (6) Rules 1.351 and 1.350 of the Florida Rules of Civil Procedure.

Vega's Second Amended Complaint again raises claims founded on the write-up and confiscation of his MP3 player for possessing court documents belonging to other FCCC residents. He also continues to rely on the same constitutional provisions, federal and state statutes, and federal and state court rules. He now also cites one additional provision: Fla. Admin. Code § 33-102.101. Vega expressly disclaims a violation of a right to either access the courts or to assist other FCCC residents with legal matters. Rather, Vega insists, his "claim is a right of access to Public Records and Discovery Materials and to possess same." (Doc. 22 at 3, ¶ 9.)

The Court concludes that Vega's claims in the Second Amended Complaint, with the exception of his claim relying on Fla. Admin. Code § 33-102.101, all remain subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for the same reasons set forth in the Court's prior order. (Doc. 18.) Because Vega's First Amended Complaint did not cite Fla. Admin. Code § 33-102.101, the Court's prior dismissal order did not address such a claim. The Court will now do so.

Fla. Admin. Code § 33-102.101 pertains to requests from the Florida Department of Corrections for "any records that are open to the public." Fla. Admin. Code § 33-102.101(1). However, the provision does not specify which such records are, in fact, "open to the public." Further, even insofar as inmate

or other corrections records might be public and subject to disclosure under Florida state law, that would not imply that the FCCC cannot prohibit one FCCC resident from possessing court documents belonging to other FCCC resident. Rather, the FCCC would remain authorized to regulate and restrict its residents' possession of such materials because such is reasonably related to legitimate governmental interests in institutional security and order. (*See* Doc. 18 at 9-10.) Vega's Second Amended Complaint is thus due to be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii).

"A *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice—at least, that is, where a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Trans it*, 927 F.3d 1123, 1132 (11th Cir. 2019). However, district courts need not grant leave to amend prior to a dismissal with prejudice where amendment would be futile. *Id.* at 1133. Likewise, even where it is conceivable that a *pro se* plaintiff could state a claim, such plaintiffs are not entitled to endless opportunities to amend. *See Gurrera v. Palm Beach Cnty. Sheriff's Off.*, 657 F. App'x 886, 894 n.5 (11th Cir. 2016).

Vega has now filed two amended complaints, neither of which states a claim. His Second Amended Complaint comes also after the Court's order of August 31, 2026, addressing in detail the deficiencies of Vega's First Amended Complaint. The Court concludes Vega is not entitled to further leave to amend because amendment is futile and the Court has afforded Vega sufficient

opportunity and direction to allow him to state a claim and he has been unable to do so. Therefore, this action will be dismissed with prejudice.

Based on the above, it is **ORDERED**:

1. This case is **REOPENED** pursuant to Rule 59(e) to authorize Vega's filing of his Second Amended Complaint. (Doc. 22.)

2. However, the Second Amended Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This action is **DISMISSED WITH PREJUDICE**.

4. The Clerk is **DIRECTED** to enter judgment, term all pending motions, and again close this case.

**ENTERED** in Fort Myers, Florida on October 28, 2026.

Kyle C. Dudek
United States District Judge